OPINION *Page 2 
{¶ 1} Appellant, the Lawrence Township Board of Trustees, appeals the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor of Appellees City of Canal Fulton, et al., in appellant's declaratory judgment action regarding an annexation of township territory. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 24, 2006, landowner Repland Development LLC ("Repland") filed a petition under R.C. 709.021 and R.C. 709.023 with the Stark County Board of Commissioners ("Commissioners"), seeking annexation of approximately 3.8 acres of land in Lawrence Township, Stark County, into the city of Canal Fulton. The titleholders of the proposed annexation properties were: (1) Repland; (2) R.J. Corman Railroad Co.; and (3) the Stark Park District.
 {¶ 3} On May 2, 2006, the Commissioners scheduled a public hearing regarding the annexation for July 11, 2006, in the County Office Building in Canton. Appellant Lawrence Township Board of Trustees did not file any response to the annexation petition, apparently planning to address the matter at the July 11, 2006 hearing.[1] However, on May 23, 2006, the Commissioners passed a resolution canceling the public hearing, stating that the annexation would be considered as an "Expedited Type 2" pursuant to R.C. 709.023.
 {¶ 4} On June 6, 2006, the Commissioners passed a resolution granting Repland's annexation petition on the aforesaid statutorily expedited basis. Appellant *Page 3 
Board of Trustees thereupon filed a complaint in response to the resolution on July 19, 2006, seeking declaratory judgment, mandamus, and injunctive relief in the Stark County Court of Common Pleas. Appellant named as defendants, inter alia, the City of Canal Fulton, the Commissioners, and Repland. On November 14, 2006, Appellee Canal Fulton Farms, LLC, was substituted as a party for Repland, due to a transfer of ownership of a portion of the land at issue.
 {¶ 5} On November 3, 2006, appellant filed a motion for summary judgment. Several of the appellees thereafter filed briefs in opposition and counter-motions for summary judgment. Appellant filed a reply on December 7, 2006.
 {¶ 6} On December 14, 2006, the trial court overruled appellant's motion for summary judgment and granted appellees' cross-motions for summary judgment, ruling that appellant lacked standing to pursue its constitutional challenge to R.C. 709.02(E), and that the annexation petition had been properly considered.
 {¶ 7} On January 12, 2007, Appellant Board of Trustees filed a notice of appeal. It herein raises the following three Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN ITS DECISION FINDING THAT THE ERRONEOUS PROCEDURES UNDERTAKEN BY THE APPELLEE BOARD OF COUNTY COMMISSIONERS DID NOT ADVERSELY AFFECT THE APPELLANT'S RIGHTS AND INTERESTS, TO APPELLANT'S PREJUDICE.
 {¶ 9} "II. THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AND IN DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT, AS A MATTER OF LAW, TO APPELLANT'S PREJUDICE. *Page 4 
 {¶ 10} "III. THE TRIAL COURT ERRED IN REJECTING THE APPELLANT'S STANDING TO CHALLENGE THE VALIDITY OF R.C. § 709.02(E), TO APPELLANT'S PREJUDICE."
 I. {¶ 11} In its First Assignment of Error, appellant maintains the trial court erred in concluding that the Commissioner's procedures in the annexation procedure did not adversely affect appellant's due process rights. We disagree.
 {¶ 12} R.C. 709.023 provides for an expedited annexation procedure when all property owners in the territory proposed for annexation have unanimously signed the petition and the land subject to annexation is not to be excluded from the existing township under R.C. 503.07.
 {¶ 13} In the case sub judice, it is undisputed that appellant was notified by the Commissioners that a "public hearing" would be held to address the Repland petition on July 11, 2006. See Stipulations at ¶ 5-¶ 7. Appellant notes that the public hearing notice did not indicate the filing of an annexation petition that would be considered under R.C.709.023, supra. Then, instead of proceeding to a public hearing on July 11, 2006, the Commissioners acted on May 23, 2006 to cancel this scheduled hearing. By the time this was "corrected," the time within which appellant could have duly filed a resolution objecting to the Repland annexation under R.C. 709.023 had expired.
 {¶ 14} However, upon review, we agree with appellees that appellant's timeline for objecting remained in effect regardless of any notice from the Commissioners regarding a public hearing. Appellant does not dispute receipt of a copy of the petition itself, which clearly noted it was being filed pursuant to R.C. 709.021 and R.C. 709.023. *Page 5 
We further herein find no cognizable due process claim, as political subdivisions are not "persons" within the meaning of the Due Process Clause. See, e.g., Avon Lake City School Dist. v. Limbach (1988),35 Ohio St.3d 118, 121-122. Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 15} In its Second Assignment of Error, appellant contends the trial court erred in granting appellees' cross-motions for summary judgment and in denying appellant's motion for summary judgment. We disagree.
 {¶ 16} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 17} As noted previously, R.C. 709.023 provides for an expedited annexation procedure when all property owners in the territory proposed for annexation have *Page 6 
unanimously signed the petition and the land subject to annexation is not to be excluded from the existing township under R.C. 503.07. As appellant indicates in its brief, a petition under R.C. 709.023 must be filed under and in conformity with R.C. 709.021. In turn, R.C. 709.02(E) addresses the definition of an "owner" with regard to such annexation procedures. It reads, in pertinent part:
 {¶ 18} "As used in sections 709.02 to 709.21, 709.38, and 709.39 of the Revised Code, `owner' or `owners' means any adult individual who is legally competent, the state or any political subdivision as defined in section 5713.081 of the Revised Code, and any firm, trustee, or private corporation, any of which is seized of a freehold estate in land; except that easements and any railroad, utility, street, and highway rights-of-way held in fee, by easement, or by dedication and acceptance are not included within those meanings * * *. For purposes of sections709.02 to 709.21, 709.38, and 709.39 of the Revised Code, the state or any political subdivision shall not be considered an owner and shall not be included in determining the number of owners needed to sign a petition unless an authorized agent of the state or the political subdivision signs the petition. * * *"
 {¶ 19} There is no dispute that the Stark Park District, landowner of the second parcel in the Repland annexation, is a political subdivision, and thus is not an "owner" under R.C. 709.02(E). Thus, we are directed to the question of whether the R.J. Corman Railroad Co., landowner of the third parcel in the Repland annexation, meets the same R.C.709.02(E) "owner" definition, making the railroad a necessary signatory to the annexation petition prior to approval by the Board of Commissioners. It appears undisputed in the case sub judice that R.J. Corman is the freehold estate title holder of a railroad right-of-way. See Stipulations at ¶ 3. *Page 7 
 {¶ 20} We reiterate that appellant's action in this matter sought, inter alia, mandamus relief. Specifically, R.C. 709.023(G) reads in pertinent part: "* * * There is no appeal in law or equity from the board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section."
 {¶ 21} This Court has recognized: "Manifestly, townships are creatures of statute and have no inherent power. They, like the Zoning Board of Appeals, as creatures of statute, have only those powers expressly authorized or necessarily implied from the expressed grant of statutory power and the mode prescribed for the exercise of that power is itself the limit upon that power." American Sand Gravel, Inc. v. Fuller (Mar. 16, 1987), Stark App. Nos. CA-6952, CA-7067. Assuming, arguendo, a township or township board of trustees meets the definition of a "party" for purposes of R.C. 709.023(G), we note a relator seeking a writ of mandamus must demonstrate: "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." State ex rel. Berger v.McMonagle (1983), 6 Ohio St.3d 28, 29, 451 N.E.2d 225, citing State exrel. Heller v. Miller (1980), 61 Ohio St.2d 6, 399 N.E.2d 66, paragraph one of the syllabus.
 {¶ 22} Upon our review of the record in this matter and a reading of R.C. 709.023, we hold, as a matter of law, that appellant had an adequate remedy at law: a timely resolution opposing the Repland annexation. See R.C. 709.023(D). Indeed, appellant's failure to object via resolution must statutorily be "deemed to constitute consent" to the annexation. Id. Appellant failed to take advantage of its remedy, and *Page 8 
thus will not be permitted to utilize mandamus relief to challenge the Board of Commissioners' annexation decision, after the fact, as to whether R.J. Corman should have signed the annexation petition. Allowance of mandamus relief in this situation would constitute a vain act and would subvert the "no appeal" mandate of R.C. 709.023(G). Accordingly, under the circumstances of this case, summary judgment was properly granted in favor of appellees on this issue. Appellant's Second Assignment of Error is overruled.
 III. {¶ 23} In its Third Assignment of Error, appellant contends the trial court erred in finding the Board of Trustees lacked standing to challenge the constitutional validity of R.C. 709.02(E). We disagree.
 {¶ 24} On August 22, 2007, subsequent to the filing of the briefs in the within appeal, the Ohio Supreme Court issued its decision inNorth Canton v. Canton, 114 Ohio St.3d 253, 2007-Ohio-4005. The Supreme Court therein held that the city of North Canton, which had sought to assert its rights as a third party to an annexation, lacked standing to challenge the constitutionality of R.C. 709.02(E) in a declaratory judgment action. Id. at ¶ 18. *Page 9 
 {¶ 25} Appellant's Third Assignment of Error is overruled on the authority of North Canton v. Canton.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
 Wise, J., Farmer, P. J., and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant Lawrence Township Board of Trustees.
[1] Pursuant to R.C. 709.023(D), Appellant Board of Trustees had twenty-five days from the petition filing date of April 24, 2006 to file a resolution opposing the Repland annexation. *Page 1