OPINION *Page 2 
{¶ 1} Plaintiff-appellant Lawrence Township, Stark County, Ohio, Board of Township Trustees, ("Lawrence Township") appeals from the entry of summary judgment in favor of defendants-appellees, City of Canal Fulton, Tammy Marthey, Clerk of Council for the City of Canal Fulton, the Stark County Board of County Commissioners and Canal Fulton Farms, LLC (collectively referred to as "Appellees").
 {¶ 2} The Stark County Court of Common Pleas determined Lawrence Township lacked standing to file a complaint for declaratory and injunctive relief against Appellees in this annexation proceeding. The trial court also determined that the annexation petition approved by the Board of Commissioners was valid.
 {¶ 3} For the reasons that follow, we reverse and remand this matter for further proceedings.
 {¶ 4} It is well-established that "annexation is strictly a statutory process." In re Petition to Annex 320 Acres to S. Lebanon (1992),64 Ohio St.3d 585, 591, 597 N.E.2d 463. Consequently, the procedures for annexation and for challenging an annexation must be provided by the General Assembly. Id. at 591, 597 N.E.2d 463.
 {¶ 5} In 2001, the Ohio Legislature passed Senate Bill ("S.B") 5, which amended R.C. Chapter 709, Ohio's annexation law, to provide for special procedures to expedite the annexation process in which all property owners desire annexation. Prior to Senate Bill 5, all annexations in Ohio initiated by private property owners followed a single procedure requiring that a "majority of the owners" sign the annexation petition.
 {¶ 6} The three expedited procedures established by S.B. 5 are as follows: a type-1 annexation occurs when "all parties", including the township and the municipality *Page 3 
agree to the annexation of the property (R.C. 709.022); a type-2 annexation applies when the property to be annexed to the municipality will remain within the township despite the annexation (R.C. 709.023); and a type-3 annexation applies when the property to be annexed has been certified as a "significant economic development project" (R.C. 709.024). See, State ex rel. Butler Twp. Bd. Of Trustees v. MontgomeryCty. Bd. Of Commrs., 112 Ohio St.3d 262, 2006-Ohio-6411,858 N.E.2d 1193, at ¶ 5.
 {¶ 7} S.B. 5 also changed the definition of "owner" or "owners" in R.C. 709.02(E) for purposes of establishing the number of owners who must sign an annexation petition. That statute provides, in relevant part:
 {¶ 8} "* * * `owner' or `owners' means any adult individual who is legally competent, the state or any political subdivision * * *, and any firm, trustee or private corporation seized of a freehold estate in land; except that easements and any railroad, utility, street, and highway rights-of-way held in fee, by easement, or by dedication and acceptance are not included within those meanings. * * * [T]he state or any political subdivision shall not be considered an owner and shall not be included in determining the number of owners needed to sign a petition * * *. An owner is determined as of the date the petition is filed with the board of county commissioners."
 {¶ 9} This definition of "owner" applies to all types of annexations.
 {¶ 10} In addition, S.B. 5 provided under each of the expedited annexations limited challenges to decisions by the board of county commissioners. R.C. 709.022(B) states:
 {¶ 11} "* * * [o]wners who sign a petition requesting that the special procedures in this section be followed expressly waive their right to appeal any action taken by the *Page 4 
board of county commissioners under this section. There is no appeal from the board's decision under this section in law or equity."
 {¶ 12} R.C. 709.023(G) further provides:
 {¶ 13} "If a petition is granted under division (D) or (F) of this section, the clerk of the board of county commissioners shall proceed as provided in division (C)(1) of section 709.033 of the Revised Code, except that no recording or hearing exhibits would be involved. There is no appeal in law or equity from the board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section."
 STATEMENT OF FACTS AND CASE {¶ 14} The facts surrounding this case indicate that on June 22, 2007, Canal Fulton Farms, LLC ("CFF") filed a type-2 petition for annexation pursuant to R.C. 709.021 and 709.023.
 {¶ 15} The petition requested annexation to the City of Canal Fulton of 32.767 acres of land located within Lawrence Township. The only signatory on the petition was CFF as owners of 24.937 acres.
 {¶ 16} The agent for CFF, Eric Williams, stated in the annexation petition that R.J. Corman Railroad Company ("Corman") and Stark County Park District ("Park") were not statutorily defined owners required to sign the petition. The petition identifies Parcel #95011737 as "land now or formerly owned by" Corman in the legal description of the area to be annexed. A copy of the annexation plat is also included in the petition. The plat notes "tracks and occupation used to establish right of way" in reference to Corman's parcel. *Page 5 
 {¶ 17} On July 9, 2007, Lawrence Township passed Resolution 2007-210 which set forth objections to the petition.[1] The objections were subsequently filed with the Commissioners pursuant to R.C. 709.023(D). After consideration of the objections, the Commissioners passed a resolution granting the petition pursuant to R.C. 709.023.
 {¶ 18} On October 2, 2007, Lawrence Township filed a complaint in the Stark County Court of Common Pleas seeking a declaratory judgment, injunctive relief and a writ of mandamus requesting that the annexation be invalidated and set aside. Lawrence Township submits that the petition is defective since it did not contain the signature of all the owners of the property as required by 709.21(A) and 709.023(2).
 {¶ 19} In the complaint, Lawrence Township alleged that Corman was identified in the petition as the fee simple owner of property within the territory to be annexed. Lawrence Township further alleged that fee owners of property used for "railroad purposes" are required to sign the annexation petition under R.C. 709.02(E). Attached to the complaint is the annexation petition filed by CFF.
 {¶ 20} The record reflects that service of the complaint was not perfected upon Corman. Consequently, Corman did not defend or otherwise appear in this action.
 {¶ 21} Almost immediately Lawrence Township filed a motion for summary judgment which was supported with a copy of the aforementioned annexation petition (Exhibit A) and the Township's objections to the annexation petition (Exhibit B).
 {¶ 22} In the motion, Lawrence Township reiterated its belief that on the face of the petition, Corman is a private title owner to a portion of the land included in the *Page 6 
annexation and therefore Corman was required to sign the petition. Appellees filed cross-motions for summary judgment arguing Corman only holds fee title to a railroad right-of-way, therefore Corman should not be counted as an "owner" under R.C. 709.02(E).
 {¶ 23} The trial court granted summary judgment in favor of Appellees, finding "[i]n the present action the material facts are undisputed in that Corman held fee title to the property for a railroad right-of-way and did not sign the Petition. There has been no affidavit or deed indicating Corman held something other than fee title to the property for a railroad right-of-way. Further, Corman has not objected to the annexation". J.E., 12-31-07, at 3. The trial court concluded the word "owner" within R.C. 709.021 and 709.023 does not include Corman or the Park, and therefore CFF's petition was valid as it contained the signatures required by law. Id. at p. 5. Therefore, it found Lawrence Township was not entitled to mandamus relief.
 {¶ 24} Lastly, the trial court found Lawrence Township lacked standing to seek a declaratory judgment, injunctive relief or summary judgment on the issue of who is an owner according to Ohio's annexation statutes.
 {¶ 25} Lawrence Township filed an appeal and raises a single assignment of error:
 {¶ 26} "I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' CROSS MOTIONS FOR SUMMARY JUDGMENT AND IN DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT, AS A MATTER OF LAW, TO APPELLANT'S PREJUDICE." *Page 7 
 {¶ 27} Lawrence Township claims the trial court's decision to deny declaratory, judgment, injunctive relief and mandamus was contrary to law.
 {¶ 28} We will first address Lawrence Township's claim for writ of mandamus.
 {¶ 29} A writ of mandamus will issue if the party seeking the writ demonstrates that the respondent is under a clear duty to perform the requested act, that there is clear legal right to the requested relief, and that there is no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d.28, 29,451 N.E.2d 225, citing State ex rel. Heller v. Miller (1980),61 Ohio St.2d 6, 399 N.E.2d 66, syllabus 1.
 {¶ 30} A writ of mandamus is an appropriate remedy should a board of county commissioners fail to perform its statutory duty in regards to a type-2 annexation petition. R.C. 709.023(G).
 {¶ 31} According to R.C. 709.023(D), "a township's ability to object * * * to the proposed annexation shall be based solely upon the petition's failure to meet the conditions specified in division (E) of this section."
 {¶ 32} Under Section (E)(1) through (7) of R.C. 709.023, a board of county commissioners is required to review the petition for annexation to determine if certain conditions are met. Relevant to this matter is the condition specified in (E)(2), which states: "[t]he persons who signed the petition are owners of the real estate located in the territory proposed for annexation and constitute all of the owners of real estate in that territory."
 {¶ 33} Therefore, in order to be entitled to a writ of mandamus, Lawrence Township is required to establish that Corman was an "owner" which is defined by *Page 8 
R.C. 709.02(E) as "seized of a freehold estate in land". Appellees adamantly contend, and the trial court so found, that Corman only held "fee title to the property for a railroad right-of-way". Therefore Corman maybe excluded from the meaning of "owner" because R.C. 709.02(E) further provides:
 {¶ 34} "* * * easements and any railroad, utility, street or highway rights-of-way held in fee, by easement or by dedication and acceptance are not included * * *" within the meaning of owner."
 {¶ 35} In Butler, supra, the Ohio Supreme Court determined that landowners who own the property over which a roadway easement exists are "owners" as defined in R.C. 709.02(E) and therefore must be included in determining the number of owners needed to sign the annexation petition. Lawrence Township argues by analogy that fee owners of real property used for railroad purposes, such as Corman, are "owners" because Corman also owns the property underlying the railroad.
 {¶ 36} Although it is easier to conceptualize Appellant's challenge as being one seeking prohibition as opposed to mandamus given the board of commissioners' resolution approving annexation, it is conceivable to frame Appellant's mandamus complaint as one to compel the board of commissioners to reject the annexation petition because of the lack of signatures of the owners of the property to be annexed. Therefore, mandamus may lie. The crux of the issue becomes whether board of commissioners had a clear legal duty to approve [or reject] the petition.
 {¶ 37} We believe resolution of that issue depends upon a determination of whether Corman is fee simple owner of the land upon which its tracks sit or whether it merely possesses a right of way or easement in fee upon the land(s) of another within *Page 9 
the territory to be annexed. Neither the trial court, nor the parties reference any record evidence which indisputably establishes Corman's interest. Although the annexation petition averred Corman was not a statutorily defined owner required to sign the petition, the petition identifies Parcel #95011737 as "land now or formally owned by" Corman in the legal description of the area to be annexed.
 {¶ 38} In the trial court's judgment entry, the trial court finds "the material facts are undisputed in that Corman held fee title to the property for a railroad right-of-way . . ." If so, we would agree with the trial court the annexation was properly approved. But Appellant does dispute, at least in its brief to this court, Corman's fee interest was limited to a right-of-way.
 {¶ 39} We have reviewed the parties' briefs in support of and in opposition to summary judgment filed in the trial court. Nowhere therein did we find any evidentiary material specifically addressing whether Corman owns the land under its tracks in fee simple or merely owns a fee interest in a right-of-way over the land. Resolution of this factual issue is crucial under the holding of the Ohio Supreme Court inButler. While attaching the annexation petition and resolutions as exhibits, the summary judgment briefs focused on legal arguments concerning the applicable statutes. Our review of the summary judgment submissions leaves the factual issue of the nature of Corman's interest in dispute. Accordingly, we believe the trial court erred in granting Appellees summary judgment at this stage of the proceedings.
 {¶ 40} We will next address Lawrence Township's request for declaratory and injunctive relief. We disagree with the trial court Appellant lacks standing to bring the instant declaratory judgment action. Whether the trial court has jurisdiction to hear it, *Page 10 
and to order the request for injunctive relief, presents a different issue requiring a separate analysis.
 {¶ 41} R.C. 709.239(G) provides there is "no appeal in law or equity from the board's [of commissioners] entry of any resolution under this section, but any party may seek a write of mandamus to compel the board of county commissioners to perform its duties under this section". Although not captioned as such, Appellant's complaint for declaratory judgment and injunctive relief serves the same function and purpose as an appeal. Accordingly, we find the proper disposition of these claims in the trial court to be dismissal for lack of jurisdiction, not lack of standing.
 {¶ 42} The assignment of error is sustained.
 {¶ 43} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas is reversed and remanded for further proceedings.
Hoffman, P.J. and Edwards, J. concur; Delaney, J. dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs assessed to Appellee.
[1] We note that while Lawrence Township filed an objection stating the petition "fails to meet any of the requirements provided [in] Section 709.021 of the Revised Code", it did not set forth a specific objection that the petition lacked the required number of owner signatures. *Page 11