OPINION
{¶ 1} Plaintiff-appellant, Lawrence Township, Stark County, Ohio, Board of Township Trustees, appeals from the March 26, 2008, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 20, 2006, Jeffrey Craven, Gerald Duncan and Wilma Duncan filed a petition for annexation of three parcels to the City of Canal Fulton pursuant to R.C. Section 709.021 and 709.23, et al. Of the parcels sought to be annexed, the parcel owned by Jeffrey Craven contains 44.45 acres and the parcel owned by the Duncans contains 1.17 acres. The remaining parcel, which contains 1.50 acres, is owned by the State of Ohio Department of Transportation. No representative of the State of Ohio signed the annexation petition.
 {¶ 3} On August 9, 2006, appellant Lawrence Township, Stark County, Ohio, Board of Township Trustees passed a resolution objecting to the proposed annexation pursuant to R.C. Section 709.023(D). In the Resolution, appellant indicated that the State of Ohio owned 1.5 acres in the proposed annexation, but had never signed the petition as allegedly required pursuant to R.C. 709.023(B)(2).
 {¶ 4} Thereafter, on September 7, 2006, appellee Stark County Board of Commissioners passed a resolution granting the annexation petition, finding that the petition met "all the conditions for Type 2 Annexations as outlined in ORC 709.023(E). . ."
 {¶ 5} On November 6, 2006, appellant filed a complaint for declaratory judgment, mandamus and injunctive relief against appellee City of Canal Fulton, Ohio, *Page 3 
appellee Tammy Marthey, who is the Clerk of Council for the City of Canton Fulton, and appellee Stark County Board of Commissioners. Appellant's complaint also named Jeffrey Craven, Gerald Duncan, Wilma Duncan and the State of Ohio Department of Transportation as defendants. Appellant, in its complaint, specifically asked, in part, for a writ of mandamus directing appellee Stark County Board of Commissioners to rescind the resolution of September 7, 2006, approving the annexation. The State of Ohio was later dismissed as a party, without prejudice, pursuant to a Judgment Entry filed on January 2, 2007.
 {¶ 6} On March 5, 2007, appellant filed a merit brief. Appellant, in its brief, argued, in relevant part, that the petition for annexation was defective on its face and not in compliance with R.C. 709.023
because not all of the property owners in the territory proposed for annexation had signed the petition. Appellant noted that the petition for annexation was not signed by any representative on behalf of the State of Ohio.
 {¶ 7} As memorialized in a Judgment Entry filed on March 23, 2007, the parties agreed that the Craven and Duncan parcels would be annexed to the City of Canal Fulton and the trial court ordered that such parcels be annexed. The March 23, 2007, Judgment Entry further indicated that appellant was objecting to the "inclusion of lands owned by the State in the area to be annexed. . ."
 {¶ 8} Appellee Stark County Board of Commissioners, on March 26, 2007, filed a merit brief and a Motion to Dismiss. On March 26, 2007, appellees City of Canal Fulton, Ohio and Tammy Marthey, the Clerk of Council for the City of Canton Fulton, filed a memorandum in opposition to appellant's Motion for Summary Judgment and a *Page 4 
cross Motion for Summary Judgment, arguing, in relevant part, that, pursuant to R.C. Section 709.023, political subdivisions are not to be considered "owners" and "according to statute, `shall not be included in determining the number of owners needed to sign a petition.'"
 {¶ 9} As memorialized in a Judgment Entry filed on March 26, 2008, the trial court denied the Motion for Summary Judgment filed by appellant while granting the Motion for Summary Judgment filed by appellees. The trial court, in its Judgment Entry, stated, in relevant part, as follows:
 {¶ 10} "Based upon the unambiguous language of the statute, [R.C. 709.02(E)] it is not necessary for the State of Ohio to sign the annexation petition. See Lawrence Twp. v. Canal Fulton, 2007 WL 3408448,2007-Ohio-6115 (Ohio App. 5th Dist. 2007). Simply because the state-owned parcel was not `necessary' for annexation of the contiguous properties does not change or alter the language of the statute. Accordingly, the Petition contained the signatures required by R.C. § 709.023, R.C. § 709.021 and R.C. § 709.02(E) and is therefore valid." The trial court denied appellant's request for a writ of mandamus.
 {¶ 11} Appellant now raises the following assignment of error on appeal
 {¶ 12} "THE TRIAL COURT ERRED IN ITS CONSTRUCTION AND APPLICATION OF R.C. §§ 709.02(E) AND 709.023, IN THIS DECLARATORY JUDGMENT AND MANDAMUS ACTION, TO APPELLANT'S PREJUDICE."
 I {¶ 13} Appellant, in the sole assignment of error, argues that the trial court erred in its construction and application of R.C. Section 709.02(E) and R.C. Section 709.023. *Page 5 
Appellant specifically argues that such sections required the annexation petition to be signed by all of the owners of property within the territory proposed for annexation and that, because the annexation petition in this case was not signed by a representative on behalf of the State of Ohio, the petition was invalid.
 {¶ 14} As a threshold matter, we will address appellant's argument that "[t]he Township in this appeal is seeking review of a declaratory judgment issued by the trial court regarding substantive merits of this matter" and such an argument is forbidden by R.C. 709.023(E). While appellee did request a declaratory judgment finding R.C. 709.02(E) to be unconstitutional, the trial court's refusal to find said statute unconstitutional is not raised by appellant in this appeal, and, therefore, we do not address this issue.
 {¶ 15} We do agree with appellant that review of this type of annexation is limited under R.C. 709.023(E). Such section states as follows: "There is no appeal in law or equity from the Board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the Board of County Commissioners to perform its duties under this section." But, in the case sub judice, appellees did seek a writ of mandamus requesting the trial court to order the Board of County Commissioners to rescind the resolution approving the annexation. This is a procedure we found to be appropriate in our February 17, 2009, Opinion of Lawrence Township, Stark County, Ohio, Board of TownshipTrustees v. City of Canal Fulton, Stark App. No. 2008CA00021. We held, in relevant part as follows: "Although it is easier to conceptualize Appellant's challenge as being one seeking prohibition as opposed to mandamus given the board of commissioners' resolution approving annexation, it is *Page 6 
conceivable to frame Appellant's mandamus complaint as one to compel the board of commissioners to reject the annexation petition because of the lack of signatures of the owner of the property to be annexed. Therefore, mandamus may lie." Id. at paragraph 36.
 {¶ 16} Therefore, we find our review of the trial court's denial of the writ of mandamus to be appropriate.
 {¶ 17} R.C. 709.023 provides for an expedited annexation procedure when all property owners in the territory proposed for annexation have unanimously signed the petition and the land subject to annexation is not to be excluded from the existing township under R.C. 503.07. A petition under R.C. 709.023 must be filed under and in conformity with R.C. 709.021. In turn, R.C. 709.02(E) addresses the definition of an "owner" with regard to such annexation procedures. It reads, in pertinent part:
 {¶ 18} "As used in sections 709.02 to 709.21, 709.38, and 709.39 of the Revised Code, `owner' or `owners' means any adult individual who is legally competent, the state or any political subdivision as defined in section 5713.081 of the Revised Code, and any firm, trustee, or private corporation, any of which is seized of a freehold estate in land; except that easements and any railroad, utility, street, and highway rights-of-way held in fee, by easement, or by dedication and acceptance are not included within those meanings * * *. For purposes ofsections 709.02 to 709.21, 709.38, and 709.39 of the Revised Code, the state orany political subdivision shall not be considered an owner and shall notbe included in determining the number of owners needed to sign apetition unless an authorized agent of the state or the politicalsubdivision signs the petition.***" (Emphasis added). *Page 7 
 {¶ 19} The State of Ohio Department of Transportation, the landowner of the third parcel in this case, is a political subdivision, and thus is not an "owner" under R.C. 709.02(E). See Lawrence Twp., Stark Cty.,Ohio, Bd. of Twp. Trustees v. Canal Fulton, Stark App. No. 2007 CA 00010, 2007-Ohio-6115, in which this Court held that "There is no dispute that the Stark Park District, landowner of the second parcel in the Repland annexation, is a political subdivision, and thus is not an `owner' under R.C. 709.02(E)." Id at paragraph 19.
 {¶ 20} Based on the foregoing, we find that it was not necessary for a representative of the State of Ohio to sign the annexation petition. Because the annexation petition was signed by the remaining parcel owners, we find that the annexation petition was a valid petition and the trial court did not err in denying appellant's Motion while granting that filed by appellees.
 {¶ 21} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 22} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, J. Gwin, P.J. and Wise, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1