**LAWRENCE TOWNSHIP BOARD OF TRUSTEES, Appellant,**

**v.**

**CITY OF CANAL FULTON et al., Appellees.**

[Cite as *Lawrence Twp. Bd. of Trustees v. Canal Fulton,*
185 Ohio App.3d 267, 2009-Ohio-6822.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2009 CA 00017.

Decided Dec. 22, 2009.

Baker, Dublikar, Beck, Wiley & Mathews and James F. Mathews, for appellant.

Pelini, Campbell, Williams & Traub and Eric J. Williams, for appellees.

EDWARDS, Judge.

{¶ 1} Plaintiff-appellant, the Lawrence Township, Stark County, Ohio, Board of Township Trustees, appeals from the December 31, 2008 judgment entry of the Stark County Court of Common Pleas granting the motion for summary judgment filed by defendants-appellees the city of Canal Fulton, Ohio, and the clerk of the city of Canal Fulton, Ohio, while denying that filed by plaintiff-appellant.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On February 5, 2008, a petition for the annexation of 142.848 acres located in Lawrence Township to the city of Canal Fulton was filed with the Stark County Board of Commissioners by William J. Johnson, Heather A. Johnson, and the Northwest Local Board of Education. The annexation petition was filed pursuant to R.C. 709.023 as an expedited Type 2 annexation. On February 26, 2008, appellant, the Lawrence Township, Stark County, Ohio, Board of Township Trustees, filed a resolution objecting to the annexation petition with the commissioners, asserting that the petition failed to meet the requirements of R.C. 709.021.

{¶ 3} Pursuant to a resolution adopted on March 4, 2008, the commissioners granted the annexation petition, finding that "all the conditions as stated in ORC 709.023(E)(1–7) had been met."

{¶ 4} On May 9, 2008, appellant filed a complaint for declaratory judgment, mandamus, and injunctive relief against appellee the city of Canal Fulton, appellee Tammy Marthey, the clerk of council for the city of Canal Fulton, and against William J. Johnson, Heather A. Johnson, the Northwest Local Board of Education, and the Stark County Board of Commissioners. All of the parties filed motions for summary judgment.

{¶ 5} Pursuant to a judgment entry filed on December 31, 2008, the trial court granted the motion for summary judgment filed by appellees while denying that filed by appellant. The trial court, in its judgment entry, denied appellant's motion for preliminary and/or permanent injunction. The trial court also determined that the annexation petition complied with R.C. 709.023(E) and that, therefore, appellant was not entitled to mandamus relief.

{¶ 6} Appellant now raises the following assignments of error on appeal:

{¶ 7} "I. The trial court erred in granting the appellees' cross-motions for summary judgment and in denying the appellant's motion for summary judgment, as a matter of law, to appellant's prejudice.

{¶ 8} "II. The trial court erred in its construction of R.C. § 709.023(E)(4), as a matter of law, to appellant's prejudice."

{¶ 9} Summary-judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. Therefore, we must refer to Civ.R. 56(C), which provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that

demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶ 11} We shall apply such a standard in reviewing appellant's assignments of error.

## I, II

{¶ 12} Appellant, in its two assignments of error, argues that the trial court erred in granting appellees' motion for summary judgment while denying that filed by appellant. We disagree.

{¶ 13} Appellees, in the case sub judice, filed their annexation petition pursuant to R.C. 709.023 as an expedited Type 2 annexation. As an initial matter, we note that review of this type of annexation is limited under R.C. 709.023(G). That section states as follows: "There is no appeal in law or equity from the Board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the Board of County Commissioners to perform its duties under this section."

{¶ 14} In the case sub judice, appellant did seek a writ of mandamus requesting the trial court to order the board of county commissioners to rescind the resolution approving the annexation. This is a procedure this court found to be appropriate in our February 17, 2009 opinion of *Lawrence Twp. Bd. of Trustees v. Canal Fulton,* Stark App. No. 2008CA00021, 2009-Ohio-759, 2009 WL 418752. In that case, we held as follows: "Although it is easier to conceptualize Appellant's challenge as being one seeking prohibition as opposed to mandamus given the board of commissioners' resolution approving annexation, it is conceivable to frame Appellant's mandamus complaint as one to compel the board of commissioners to reject the annexation petition because of the lack of signatures of the owner of the property to be annexed. Therefore, mandamus may lie. The crux of the issue becomes whether [the] board of commissioners had a clear legal duty to approve [or reject] the petition." Id. at ¶ 36.

{¶ 15} A writ of mandamus will issue if the party seeking the writ demonstrates that the respondent is under a clear duty to perform the requested act, that there is a clear legal right to the requested relief, and that there is no plain and adequate remedy in the ordinary course of the law. *State ex rel.*

*Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 451 N.E.2d 225, citing *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66, paragraph one of the syllabus.

{¶ 16} A writ of mandamus is an appropriate remedy should a board of county commissioners fail to perform its statutory duty in regard to a Type 2 annexation petition. R.C. 709.023(G).

{¶ 17} Appellant initially argues that the trial court erred in granting appellees' motion for summary judgment while denying that filed by appellant because the annexation petition was defective when approved by the commissioners and the defects were not timely corrected. Appellant notes that on March 5, 2008, the day after the annexation petition was approved, the Stark County engineer's office submitted a letter to the commissioners advising them that there was an error in the legal description contained on the annexation plat. The engineer, in that letter, indicated that on the plat, the length of curve should be L=1311.64' rather than L=1131.64'. Appellant further contends that in addition to that error, there is another error on the plat because, while the legal description states at line 44 a "central angle of 05'04'06," the plat is incorrectly marked 05'04'05.

{¶ 18} R.C. 709.02(C)(2) provides that an annexation petition shall contain "[a]n accurate legal description of the perimeter and an accurate map or plat of the territory proposed for annexation."

{¶ 19} However, R.C. 709.015 states as follows: "The procedural requirements set forth in sections 709.02 to 709.21 of the Revised Code are directory in nature. Substantial compliance with the procedural requirements of those sections is sufficient to grant the board of county commissioners jurisdiction to hear and render its decision on a petition for annexation filed under those sections. The board shall cure a procedural defect and shall not deny a petition for annexation solely upon the basis of procedural defects."

{¶ 20} We concur with the trial court that the description contained in the plat was a scrivener's error that was readily corrected and that did "not rise to the level of a reason that the Commissioners should have denied the annexation." We find that there was substantial compliance with the requirements of R.C. 709.02(C)(2) and that any procedural defects have since been cured.

{¶ 21} Appellant next argues that the trial court erred in granting appellees' motion for summary judgment while denying that filed by appellant because the annexation petition was defective on its face and thus not in compliance with R.C. 709.023. Appellant notes that the annexation petition included a portion of the Tuscarawas River and argues that the United States, as owner of the same, was required to give consent to the annexation. Appellant

argues that due to the lack of such consent, the annexation petition was not "unanimous" as required by R.C. 709.023.

{¶ 22} R.C. 709.023 provides for an expedited annexation procedure when *all* property owners in the territory proposed for annexation have unanimously signed the petition and the land subject to annexation is not to be excluded from the existing township under R.C. 503.07. A petition under R.C. 709.023 must be filed under and in conformity with R.C. 709.021.

{¶ 23} In turn, R.C. 709.02(E) addresses the definition of an "owner" with regard to such annexation procedures. It reads as follows: "As used in sections 709.02 to 709.21, 709.38, and 709.39 of the Revised Code, 'owner' or 'owners' means any adult individual who is legally competent, the state or any political subdivision as defined in section 5713.081 of the Revised Code, and any firm, trustee, or private corporation, any of which is seized of a freehold estate in land; except that easements and any railroad, utility, street, and highway rights-of-way held in fee, by easement, or by dedication and acceptance are not included within those meanings * * *. *For purposes of sections 709.02 to 709.21, 709.38, and 709.39 of the Revised Code, the state or any political subdivision shall not be considered an owner and shall not be included in determining the number of owners needed to sign a petition unless an authorized agent of the state or the political subdivision signs the petition.*" (Emphasis added.)

{¶ 24} Based on the language of the statute, it is not necessary for the state of Ohio or any of its political subdivisions, including Stark County, to sign the annexation petition. See *Lawrence Twp. Bd. of Trustees v. Canal Fulton,* Stark App. No. 2007 CA 00010, 2007-Ohio-6115, 2007 WL 3408448.

{¶ 25} As is stated above, appellant maintains that the United States is the "owner" of the Tuscarawas River and that its signature, therefore, was required on the annexation petition. The cases cited by appellant in support of that proposition, however, do not concern the ownership of navigable waters. Rather, such cases concern the power of the federal government over navigable waters. In *United States v. Chicago, Milwaukee, St. Paul & Pacific RR. Co.* (1941), 312 U.S. 592, 595–596, 313 U.S. 543, 61 S.Ct. 772, 85 L.Ed. 1064, for example, the United States Supreme Court held as follows:

{¶ 26} "Commerce, the regulation of which between the states is committed by the Constitution to Congress, article 1, [Section] 8, [Clause] 3, includes navigation. 'The power to regulate commerce comprehends the control for that purpose, and to the extent necessary, of all the navigable waters of the United States which are accessible from a State other than those in which they lie. For this purpose they are the public property of the nation, and subject to all the requisite legislation by Congress.' And the determination of the necessity for

a given improvement of navigable capacity, and the character and extent of it, is for Congress alone. *Whether, under local law, the title to the bed of the stream is retained by the State or the title of the riparian owner extends to the thread of the stream, or, as in this case, to low water mark, the rights of the title holder are subordinate to the dominant power of the federal Government in respect of navigation.*" (Citations and footnotes omitted and emphasis added.)

{¶ 27} In order to be entitled to a writ, appellant was required to show that it had a clear legal right to relief. Appellant has failed to show clearly that the United States owns the river.

{¶ 28} Appellant finally argues that the trial court erred in its construction of R.C. 709.02(A) and 709.023(E)(4) with respect to the contiguity requirement.

{¶ 29} As is stated above, the petition for annexation in the case sub judice was filed pursuant to R.C. 709.023. Under Section (E)(1) through (7) of this statute, a board of county commissioners is required to review the petition for annexation to determine whether certain conditions are met. According to R.C. 709.023(D), a township's ability to object "to the proposed annexation shall be based solely upon the petition's failure to meet the conditions specified in division (E) of this section." The conditions specified in (E)(1) through (7) are as follows:

{¶ 30} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.021 * * * of the Revised Code.

{¶ 31} "(2) The persons who signed the petition are owners of the real estate located in the territory proposed for annexation and constitute all of the owners of real estate in that territory.

{¶ 32} "(3) The territory proposed for annexation does not exceed five hundred acres.

{¶ 33} "(4) *The territory proposed for annexation shares a contiguous boundary with the municipal corporation to which annexation is proposed for a continuous length of at least five percent of the perimeter of the territory proposed for annexation.*

{¶ 34} "(5) The annexation will not create an unincorporated area of the township that is completely surrounded by the territory proposed for annexation.

{¶ 35} "(6) The municipal corporation to which annexation is proposed has agreed to provide to the territory proposed for annexation the services specified in the relevant ordinance or resolution adopted under division (C) of this section.

{¶ 36} "(7) If a street or highway will be divided or segmented by the boundary line between the township and the municipal corporation as to create a road maintenance problem, the municipal corporation to which annexation is proposed has agreed as a condition of the annexation to assume the maintenance of that

street or highway or to otherwise correct the problem. * * * " (Emphasis added).

{¶ 37} If the annexation petition meets the above criteria set forth in R.C. 709.023(E)(1) through (7), a board of county commissioners must approve the annexation. See R.C. 709.023(F)

{¶ 38} There is no dispute that "annexation is proposed for a continuous length of at least five percent of the perimeter of the territory proposed for annexation" as required by R.C. 709.023(E)(4). However, appellant now contends that the annexation is not "contiguous to a municipal corporation" as required by R.C. 709.02(A), which states as follows: "The owners of real estate contiguous to a municipal corporation may petition for annexation to a municipal corporation in the manner provided by sections 709.02 to 709.11 of the Revised Code." According to appellant, "the parcel of property owned by appellee Johnson (which is approximately 2.6 acres and less than 200 feet in width, for the most part) was used as a 'connecting strip' for the purpose of including the Northwest School property as part of this annexation procedure" and "[t]his form of annexation has long been disapproved, since it does not satisfy the requirement that property proposed for annexation be comprised of property which would become a unified or cohesive part of the city to which annexation is proposed."

{¶ 39} However, R.C. 709.21(A) states as follows: "When a petition signed by all of the owners of real estate in the unincorporated territory of a township proposed for annexation requests the annexation of that territory to a municipal corporation contiguous to that territory under one of the special procedures provided for annexation in sections 709.022, 709.023, and 709.024 of the Revised Code, the annexation proceedings *shall be conducted under those sections to the exclusion of any other provisions of this chapter unless otherwise provided in this section or the special procedure section chosen.*" (Emphasis added).

{¶ 40} Based on the above language, we find that the annexation proceedings in this case were required to be conducted under R.C. 709.023 to the exclusion of 709.02(A). Appellant does not dispute that the "annexation is proposed for a continuous length of at least five percent of the perimeter of the territory proposed for annexation" as required by R.C. 709.023(E)(4). We further note that the cases cited by appellant do not address the expedited annexation procedure under R.C. 709.023.

{¶ 41} Appellant's two assignments of error are, therefore, overruled.

{¶ 42} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

Judgment affirmed.

FARMER, P.J., concurs.

WISE, J., concurs separately.

WISE, Judge, concurring.

{¶ 43} I concur in the majority's decision to affirm the trial court. I write separately only to express caution regarding further judicial expansion of the utilization of mandamus relief in these cases.

{¶ 44} As the majority recites herein, R.C. 709.023(G) reads: "There is no appeal in law or equity from the board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section."

{¶ 45} In this case, we have not rejected, on procedural grounds, appellant's use of mandamus for purposes of seeking an order from the common pleas court to "rescind" the commissioners' annexation resolution. In support, we cite our decision in *Lawrence Twp. Bd. of Trustees v. Canal Fulton*, Stark App. No. 2008CA00021, 2009-Ohio-759, 2009 WL 418752. While I am not inclined to reject this precedent, it seems that we edge ever closer to effectively permitting administrative appeals in common pleas courts in what are supposed to be expedited affairs, despite the above mandate of the General Assembly.