[Cite as *Smith v. Camp*, 2017-Ohio-8794.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| C.S., | : | |
| Plaintiff, | : | CASE NO. CA2017-02-003 |
| | : | OPINION ON RECONSIDERATION |
| - vs - | : | 12/4/2017 |
| | : | |
| J.C., | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| FAYETTE COUNTY DEPARTMENT OF JOB & FAMILY SERVICES, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| and | : | |
| | : | |
| FAYETTE COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, | : | |
| | : | |
| Appellee. | : | |
| | : | |


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. AD20100463

Judkins & Hayes, LLC, John W. Judkins, 303 West Jefferson Street, P.O. Box 33, Greenfield, Ohio 45123, for appellant

Mary E. King, 153 East Court Street, P.O. Box 70, Washington C.H., Ohio 43160, for appellee

**M. POWELL, J.**

{¶ 1} This matter is before the court on a timely application for reconsideration filed by the Fayette County Department of Job & Family Services ("the Agency") pursuant to App.R. 26(A). The Agency requests that we reconsider our October 2, 2017 judgment entry which dismissed the Agency's appeal of a decision of the Fayette County Court of Common Pleas, Juvenile Division, granting temporary custody of 15-year-old C.S. to the Agency on the ground the appeal was moot. For the reasons that follow, we grant the Agency's application for reconsideration and affirm the juvenile court's decision.

{¶ 2} The Agency's involvement in this matter began in 2012 because of the volatile relationship between then 12-year-old C.S. and her mother ("Mother"). On October 23, 2013, the juvenile court adjudicated C.S. a delinquent child for violating a court order and placed C.S in the legal custody of her aunt ("Aunt"). Aunt lives in Tennessee; Mother lives in Ohio. In October 2016, while retaining legal custody, Aunt returned physical custody of C.S. to Mother. On November 17, 2016, Mother moved the juvenile court for legal custody of C.S. On January 10, 2017, a hearing on the motion was held. Mother and Aunt both testified.

{¶ 3} On January 12, 2017, the juvenile court ordered that C.S. be placed into the temporary custody of the Agency, and scheduled a review hearing for February 16, 2017. By judgment entry filed on February 22, 2017, the juvenile court continued the Agency's temporary custody of C.S. and ordered the Agency to file a case plan and a neglect and dependency case regarding C.S.

- 2 -

**{¶ 4}** The Agency appealed the juvenile court's January 12, 2017 judgment entry, arguing the juvenile court (1) violated the due process rights of the Agency, the child's parents, and Aunt, (2) failed to find that the grant of temporary custody was in the child's best interest, and (3) failed to make findings regarding reasonable efforts under R.C. 2151.419. In its amicus curiae brief, the juvenile court asserted that "[o]n February 22, 2017, [it] issued a Judgment Entry ordering [the Agency] to immediately file a Neglect/Dependency Complaint. [The Agency] subsequently filed the Neglect/Dependency Complaint and a separate case was initiated involving C.S." The Agency did not file a reply brief.

**{¶ 5}** On October 2, 2017, this court dismissed the Agency's appeal as follows:

> Because temporary custody was continued with the Agency in February 2017, the Agency has presumably complied with the juvenile court's then order to file a neglect/dependency case and case plan regarding C.S., and the Agency is not disputing the juvenile court's assertion that the Agency "subsequently filed the Neglect/Dependency Complaint and a separate case was initiated involving C.S.," the issues presented are no longer "live." *State ex rel. Gaylor v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844 (a case is moot when the issues are no longer "live"); *In re Mathias*, 12th Dist. Madison No. CA93-03-008, 1993 Ohio App. LEXIS 3690 (July 26, 1993) (a court's function is to render judgment in actual controversies where judgment can be carried into effect). Accordingly, the Agency's appeal is dismissed as moot.

*C.S. v. J.C.*, 12th Dist. Fayette No. CA2017-02-003 (Oct. 2, 2017) (Accelerated Calendar Judgment Entry).

**{¶ 6}** In its application for reconsideration, the Agency asserts that notwithstanding the juvenile court's February 22, 2017 judgment entry ordering the Agency to file a neglect/dependency case regarding the child, the "Agency has not filed such an action," and "the Amicus's contention that such an action was filed is simply false." Consequently, because "the issues brought [on] appeal remain 'live,'" the Agency asks this court to

reconsider its judgment entry. The juvenile court did not file a response to the Agency's application for reconsideration.

{¶ 7} Given the Agency's foregoing assertion and the juvenile court's failure to file a response to the Agency's application for reconsideration, we find the Agency's application for reconsideration is well-taken. Accordingly, we vacate our October 2, 2017 Accelerated Calendar Judgment Entry, address the four assignments of error raised on appeal by the Agency, and hereby issue the following opinion in replacement of our October 2, 2017 judgment entry.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED IN AWARDING CUSTODY OF A MINOR CHILD TO THE FAYETTE COUNTY DEPARTMENT OF JOB & FAMILY SERVICES WHERE NO NOTICE WAS GIVEN TO EITHER THE LEGAL CUSTODIAN OR THE CHILD'S PARENTS THAT CUSTODY MIGHT BE GRANTED TO THE FAYETTE COUNTY DEPARTMENT OF JOB & FAMILY SERVICES, AND NO OPPORTUNITY TO BE HEARD ON THE ISSUE OF CUSTODY TO [THE] FAYETTE COUNTY DEPARTMENT OF JOB & FAMILY SERVICES WAS GIVEN TO EITHER THE LEGAL CUSTODIAN OR THE CHILD'S PARENTS.

{¶ 10} The Agency argues the juvenile court's January 12, 2017 decision awarding temporary custody of C.S. to the Agency violated the due process rights of both Mother and Aunt because neither relative was given notice that the juvenile court might take such an action, nor were they given an opportunity to be heard on the issue. However, neither Mother nor Aunt have appealed the juvenile court's decision and claimed any violation of their rights. The Agency may not assert these rights on appeal. The Agency's first assignment of error is accordingly overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED IN AWARDING CUSTODY OF A MINOR CHILD

- 4 -

TO THE FAYETTE COUNTY DEPARTMENT OF JOB & FAMILY SERVICES WHERE NO NOTICE WAS GIVEN TO THE AGENCY OF THE PROCEEDING.

{¶ 13} The Agency argues the juvenile court's grant of temporary custody to the Agency violated its due process rights because the Agency was neither notified of nor present at the hearing on Mother's legal custody motion, was not given notice the juvenile court was considering granting temporary custody to the Agency, and thus had no opportunity to be heard on the issue. The Agency does not cite any case law in support of its argument.

{¶ 14} Due process generally requires notice, a fair opportunity to be heard, and the right to produce testimony. *In re Lyons*, 12th Dist. Preble No. CA98-11-024, 1999 Ohio App. LEXIS 5116, *6 (Nov. 1, 1999). We have held that while a juvenile court must observe some due process requirements, wide latitude is given to the juvenile court in conducting its proceedings. *Id.* at *7. Similarly, a juvenile court is afforded broad discretion when fashioning procedures to fit each particular case. *See id.* at *8.

{¶ 15} We find the Agency does not have a right to due process. The Ohio Supreme Court has held that a political subdivision may not assert a denial of due process against the state:

> [A] political subdivision may not invoke the protection provided by the Constitution against its own state and is prevented from attacking the constitutionality of state legislation on the grounds that its own rights had been impaired. While there may be occasions where a political subdivision may challenge the constitutionality of state legislation, it is not entitled to rely upon the protections of the Fourteenth Amendment. A political subdivision, such as a school district, receives no protection from the Equal Protection or Due Process Clauses vis-a-vis its creating state.
>
> We are persuaded that a school district is a political subdivision created by the General Assembly and it may not assert any constitutional protections regarding due course of law or due process of law against the state, its creator.

*Avon Lake City School Dist. v. Limbach*, 35 Ohio St.3d 118, 121-122 (1988). *See also Lawrence Twp., Stark Cty., Ohio, Bd. of Twp. Trustees v. Canal Fulton*, 5th Dist. Stark No. 2007 CA 00010, 2007-Ohio-6115 (political subdivisions have no cognizable due process claims as they are not "persons" within the meaning of the Due Process Clause); *Delaney v. Testa*, 128 Ohio St.3d 248, 2011-Ohio-550 (the state does not have right to due process).

{¶ 16} The Agency is an agency of Fayette County which is itself a political subdivision of the state of Ohio. The juvenile court, as a division of the Fayette County Common Pleas Court, is an arm of the state of Ohio exercising the judicial power of the state. *See* Ohio Constitution, Article IV, Section 1 ("The judicial power of the state is vested in * * * courts of common pleas and divisions thereof"). Consequently, we find that the Agency, as an agency of a political subdivision, does not have a cognizable due process claim.

{¶ 17} Additionally, Juv.R. 13(A) provides that "[p]ending hearing on a complaint, the court may make such temporary orders concerning the custody or care of a child who is the subject of the complaint as the child's interest and welfare may require." Pursuant to R.C. 5153.16(A)(3), one of the duties of a public children services agency ("PCSA") is to "[a]ccept custody of children committed to the public children services agency by a court exercising juvenile jurisdiction." There can be no denial of due process when a juvenile court acts within its jurisdiction and makes an order implicating a statutory duty of a PCSA.

{¶ 18} The record does suggest that the juvenile court's order placing C.S. into the temporary custody of the Agency without prior notice violated the Agency's conception of local norms of interagency courtesy. Whether this is so, violation of such norms is not a violation of procedural due process.

{¶ 19} The Agency's second assignment of error is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED IN AWARDING CUSTODY OF A MINOR CHILD TO THE FAYETTE COUNTY DEPARTMENT OF JOB & FAMILY SERVICES WHERE IT DID NOT MAKE AN EXPRESSED FINDING OF FACT THAT SAID GRANT OF CUSTODY WAS IN THE BEST INTERESTS OF THE CHILD.

{¶ 22} The Agency argues the juvenile court erred in awarding temporary custody of C.S. to the Agency because the juvenile court failed to find "by clear and convincing evidence that custody to the Agency was in the best interest of the minor child." In support of its argument, the Agency cites R.C. 2151.414 and *In re Arnold*, 3d Dist. Allen Nos. 1-04-71 thru 1-04-73, 2005-Ohio-1418. However, R.C. 2151.414 and *In re Arnold* are inapplicable as they solely concern permanent custody which is not involved here.

{¶ 23} As stated above, Juv.R. 13(A) allows a juvenile court to "make such temporary orders concerning the custody or care of a child who is the subject of the complaint *as the child's interest and welfare may require*."[1] (Emphasis added.) Thus, a juvenile court has authority to grant temporary custody as it deems necessary in light of the child's interest and welfare. *See Renz v. Renz*, 4th Dist. Athens No. 93 CA 1585, 1995 Ohio App. LEXIS 176 (Jan. 19, 1995); *In re Rodriguez*, 6th Dist. Ottawa No. OT-87-18, 1988 Ohio App. LEXIS 511 (Feb. 19, 1988).

{¶ 24} Although not so phrased, the record shows the juvenile court considered the interest and welfare of C.S. when it granted temporary custody to the Agency. The juvenile court adjudicated C.S. a delinquent child in 2013, granted legal custody to Aunt because of Mother's reported inability to handle C.S. any longer, and ordered C.S. to "attend school each and every school day." In granting temporary custody to the Agency in 2017, the

---

1. Pursuant to Juv.R. 2(F), Mother's motion for legal custody of C.S. is a "complaint" as it is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction."

juvenile court found that C.S. had "last attended school sometime before Christmas of 2016," "had failed to attend any days of school thus far in 2017," and was not enrolled in E.C.O.T.," and that Mother "ha[d] not shown any ability to handle the child as exhibited by the child's failure to attend school." Thus, the juvenile court properly determined that given Mother's inability or unwillingness to effectively parent C.S., the child's interest and welfare required it to grant temporary custody to the Agency.

{¶ 25} The Agency's third assignment of error is overruled.

{¶ 26} Assignment of Error No. 4:

{¶ 27} THE TRIAL COURT ERRED IN AWARDING CUSTODY OF A MINOR CHILD TO THE FAYETTE COUNTY DEPARTMENT OF JOB & FAMILY SERVICES WHERE THE AGENCY WAS NOT AFFORDED AN OPPORTUNITY TO MAKE REASONABLE EFFORTS TO PREVENT THE REMOVAL, AND THE COURT FAILED TO MAKE A FINDING OF FACT THAT REASONABLE EFFORTS WERE NOT REQUIRED OR WERE NOT POSSIBLE DUE TO EXIGENT CIRCUMSTANCES.

{¶ 28} The Agency argues the juvenile court erred in placing C.S. in the temporary custody of the Agency without making the requisite findings of fact regarding reasonable efforts under R.C. 2151.419.

{¶ 29} A juvenile court that removes a child from the child's home must determine "whether the public children services agency * * * that * * * will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home[.]" R.C. 2151.419(A)(1). Conversely, if one of five separate circumstances apply, the juvenile court "shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home[.]" R.C. 2151.419(A)(2). Pursuant to R.C. 2151.419(B)(1), the juvenile court is required to issue written findings of fact setting forth the reasons supporting its determination under R.C. 2151.419(A)(1) or (2). R.C.

2151.419(A)(2) is not applicable as none of the five circumstances apply here.

**{¶ 30}** We are not persuaded the juvenile court was required to make findings regarding reasonable efforts under R.C. 2151.419(A)(1) or erred in failing to make the findings. The Ohio Supreme Court has held that "[b]y its terms, R.C. 2151.419 applies only [to] * * * adjudicatory, emergency, detention, and temporary-disposition hearings, and dispositional hearings for abused, neglected, or dependent children, all of which occur prior to a decision transferring permanent custody to the state." *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 41; *In re B.F.*, 6th Dist. Lucas No. L-16-1094, 2017-Ohio-609. *See also In re C.M.C.*, 4th Dist. Washington No. 09CA15, 2009-Ohio-4223 (finding that the R.C. 2151.419[A][1] reasonable-efforts requirement does not apply to an unruly dispositional hearing because the issue of abuse, neglect, or dependency is not part of the case). While the juvenile court may have had concerns that C.S. was neglected or dependent when it granted temporary custody to the Agency on January 12, 2017, there were no allegations at the time that C.S. was neglected or dependent, nor had C.S. been adjudicated as such.

**{¶ 31}** Even if we were to find the juvenile court erred by failing to make the requisite findings under R.C. 2151.419, the error does not constitute reversible error because this court cannot provide an appropriate remedy to the Agency. *See In re Milgrim*, 8th Dist. Cuyahoga No. 77510, 2001 Ohio App. LEXIS 482 (Feb. 8, 2001). The juvenile court's February 22, 2017 judgment entry, which continued the Agency's temporary custody, indicates that following the grant of temporary custody to the Agency the month before, the Agency "immediately placed C.S. at One Way Farm," and "[was] working on a joint case plan including C.S. and her brother over whom the Agency has protective supervision." Following the hearing on Mother's motion, Mother was not in contact with the Agency, and Aunt informed the Agency she could not deal with C.S. We note that in its February 2017 judgment entry, the juvenile court made findings of fact regarding reasonable efforts under

R.C. 2151.419. Given these circumstances, it would be pointless and would not help the Agency to remand this matter to the juvenile court for it to make findings under R.C. 2151.419 in support of its January 12, 2017 judgment entry.

{¶ 32} The Agency's fourth assignment of error is overruled.

{¶ 33} Judgment affirmed.

HENDRICKSON, P.J. and PIPER, J., concur.