DELANEY, AUD., APPELLANT, *v.* TESTA, TAX COMMR., ET AL. APPELLEES.

[Cite as *Delaney v. Testa,* 128 Ohio St.3d 248, 2011-Ohio-550.]

*Taxation — Rejection of county auditor's claim that her notice of appeal to the Board of Tax Appeals was not required to set forth error with the specificity required by R.C. 5717.02.*

(No. 2010-0653 — Submitted February 2, 2011 — Decided February 15, 2011.)

APPEAL from the Board of Tax Appeals, No. 2009-V-3139.

_____

**Per Curiam.**

{¶ 1} In this personal-property-tax case, Greene County Auditor Luwanna Delaney appealed to the Board of Tax Appeals ("BTA") from final assessment certificates issued by the tax commissioner against Waste Management of Ohio, Inc., pertaining to tax years 1998 and 1999. The BTA dismissed the appeal for want of jurisdiction because it found that Delaney had not set forth any error in the notice of appeal with the specificity required by R.C. 5717.02.

{¶ 2} On appeal to this court, Delaney does not contest the BTA's determination that the notice of appeal lacked specificity under the usual standard derived from R.C. 5717.02 and articulated by the case law. Instead, Delaney contends that in this situation, the usual specification requirement is either modified or superseded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the due-course-of-law provision at Section 16, Article I of the Ohio Constitution. The auditor argues that because she was not a participant in the proceedings initiated by the taxpayer's petition for reassessment, she had insufficient knowledge about the commissioner's final determination to assign error with specificity. Enforcing the specification

requirement with ordinary stringency, Delaney argues, would effectively deprive her of the right to appeal, a due-process violation.

{¶ 3} As an initial matter, we hold that under the ordinary statutory standard, the BTA acted reasonably and lawfully in finding that Delaney's notice of appeal failed to set forth any error of the commissioner with sufficient specificity. It follows that unless Delaney can establish a constitutional basis for avoiding or relaxing the specification requirement, we must affirm the BTA's decision dismissing the appeal.

{¶ 4} As for Delaney's primary contention that the specification requirement violates her right to due process, we note that a public official's right to participate in tax-assessment proceedings exists not by constitutional right but by legislative grant. As a result, Delaney is bound by the conditions that the statutes impose on that grant—in this case, the specification requirement of R.C. 5717.02. Although the statutes prescribe complementary duties for the commissioner and the county auditors, and thereby contemplate a cooperative relationship between those officials, Delaney does not allege that she attempted to participate in the assessment at issue but was denied an opportunity to do so. Absent a thwarted attempt, Delaney lacks any substantive basis for claiming a violation of due process.

{¶ 5} Delaney also argues that the assessment certificates constitute a taking of property of the citizens of Greene County without due process. Because this alleged unconstitutional taking was not specified as error in the notice of appeal to the BTA, we have no jurisdiction over this claim.

{¶ 6} Because we hold that the cited constitutional provisions did not release Delaney from the obligation to specify error in the notice of appeal to the BTA, and because the BTA's decision is otherwise reasonable and lawful, we affirm the BTA's dismissal of the auditor's appeal.

## I. Facts

{¶ 7} Underlying the present appeal are final assessment certificates issued by the tax commissioner against Waste Management of Ohio, Inc., for the 1998 and 1999 tax years. Waste Management filed intercounty property tax returns for those years, and for each of those years, Waste Management reported ownership of personal property that it used in its business in several taxing districts of Greene County. The tax commissioner amended the assessment and issued correction notices. For both tax years 1998 and 1999, the commissioner added to the assessed value for taxing districts in Greene County. In particular, the commissioner increased the value listed on Schedule 4 for the Bath Township/Fairborn City School District by $714,190 (1998) and $702,150 (1999).[1]

{¶ 8} On September 15, 2000, Waste Management filed its petition for reassessment contesting the tax commissioner's amendments for tax year 1998, and subsequently filed its petition for reassessment for the 1999 tax year on October 12, 2001. One of Waste Management's two principal objections concerned the taxation of "vehicle add-on equipment." After further proceedings, the commissioner issued his final determinations in the cases on January 9, 2004.

{¶ 9} The determinations reveal that the major source of dispute between the taxpayer and the commissioner lay in the applicability of the general personal property tax to certain equipment mounted on waste-disposal trucks owned and operated by Waste Management. Registered motor vehicles are exempt from personal property tax, see R.C. 5701.03(A), and Waste Management apparently contended that the equipment was integrated with the trucks and was therefore exempt as part of a registered motor vehicle. The commissioner opined that the

---

[1] Schedule 4 of the personal property tax return pertains to furniture and fixtures and—especially important here—to machinery and equipment that is not used in manufacturing. See www.tax.ohio.gov/documents/forms/personal_property/2001/TPP-Guidelines-2001.pdf. The listed value of the property is the value on which tax is assessed, which for most property in 1998 and

equipment, although mounted on trucks, was taxable personal property used in business that was not part of the trucks themselves.

{¶ 10} On January 14, 2005, the BTA granted an unopposed motion filed by Waste Management and entered an order staying the proceedings pending the BTA's decision in *Rumpke Waste, Inc. v. Wilkins*, BTA No. 2004-P-477, and *Rumpke Recycling, Inc. v. Wilkins*, BTA Nos. 2004-P-478 and 2004-P-479. *Waste Mgt. of Ohio, Inc. v. Wilkins* (Jan. 14 2005), BTA Nos. 2004-V-252 and 2004-V-253, 2005 WL 176630. Grounds for the stay lay in the representation that the *Rumpke* cases "involve[d] the same principal issue regarding waste hauling trucks and whether said equipment [was] excluded from the definition of personal property under R.C. 5701.03(A)." Id. at * 1.

{¶ 11} On March 30, 2007, the BTA issued a decision in one of the *Rumpke* cases. *Rumpke Waste, Inc. v. Wilkins* (Mar. 30, 2007), BTA Nos. 2004-K-477 and 2004-K-479, 2007 WL 1028518. In that decision, the BTA held that the test articulated by the court in *Parisi Transp. Co. v. Wilkins*, 102 Ohio St.3d 278, 2004-Ohio-2952, 809 N.E.2d 1126, dictated that in the context of *Rumpke*, the front forks and arms, along with the hoist systems, did not constitute part of the trucks, because they were used to load waste material onto the trucks. *Rumpke* at * 7. By contrast, the packing blades, slide panels, and tailgate units were necessary in transporting the waste material and therefore qualified for exemption because they were components of the trucks under the *Parisi* test as applied by the BTA. Id.

{¶ 12} On June 15, 2007, the BTA issued an order lifting the stay in the Waste Management cases and setting them for hearing. *Waste Mgt., Inc. v. Wilkins* (June 15, 2007), BTA Nos. 2004-V-252 and 2004-V-253, 2007 WL

---

1999 was 25 percent of the true value of the property. See former R.C. 5711.22(E); Am.Sub.H.B. No. 215, 147 Ohio Laws, Part I, 877, 1688-1691.

1814352. On April 1, 2008, the BTA issued an order granting the joint motion of the parties to remand the cases to the commissioner for further consideration.

{¶ 13} On October 9, 2009, the commissioner issued the final assessment certificates for 1998 and 1999.[2] Delaney's notice of appeal includes two pages showing a reduction of the assessed value in the Bath Township/Fairborn City Schools taxing district of $89,660 (1998) and $289,800 (1999). Postulating that the final assessment entitles Waste Management to refunds, the notice characterizes any refunds as "unreasonable and unwarranted" and states that "the business is closed and nonexistent." The BTA found that these assertions did not specify error under R.C. 5717.02 and dismissed the auditor's appeal. Delaney timely appealed to this court.

## II. Analysis

*A. The auditor's notice of appeal to the BTA failed to set forth error with the specificity required by R.C. 5717.02*

{¶ 14} In *DeWeese v. Zaino*, 100 Ohio St.3d 324, 2003-Ohio-6502, 800 N.E.2d 1, we held that "[i]n order to invoke the jurisdiction of the BTA, the [county] auditors must comply with the requirements of R.C. 5717.02." Id., ¶ 19. Subsequently, in *Brown v. Levin*, 119 Ohio St.3d 335, 2008-Ohio-4081, 894 N.E.2d 35, we canvassed the case law concerning R.C. 5717.02's requirement that a taxpayer who appeals a final determination of the tax commissioner to the BTA "specify the errors therein complained of." Id. ¶ 17-19. One principle established by the cases was that "the failure to set forth *any* error in the notice of appeal with the requisite specificity justifies the dismissal of the appeal by the

---

[2] As a result of comprehensive tax reform enacted in 2005, most general businesses such as Waste Management no longer filed returns or paid personal property taxes in tax year 2009. See http://tax.ohio.gov/divisions/personal_property/index.stm The General Assembly achieved that result by gradually reducing the listing percentage to zero over a four-year period. R.C. 5711.22(G). Neither in her notice of appeal nor in opposing the commissioner's motion to dismiss has Delaney asserted that the phase-out creates a legal basis for challenging the final assessment of Waste Management's personal property.

BTA for want of jurisdiction." (Emphasis sic.)  Id. at ¶ 17.  Under that precept, the BTA ruled in the present case that the Greene County auditor had failed to specify any error and that her attempted appeal should therefore be dismissed.

{¶ 15} In reviewing the BTA's decision, we note the relevance of another principle established by the case law, as explained in *Brown* at ¶ 18:  the specification requirement is "stringent."[3]  In the present case, the Greene County auditor faulted the final assessments issued by the tax commissioner by stating that "the refunders [sic] are unreasonable and unwarranted, and furthermore * * * the business is closed and nonexistent."  We will analyze this statement as consisting of two separate, though not necessarily unrelated, assertions.  See *Ohio Bell Tel. Co. v. Levin*, 124 Ohio St.3d 211, 2009-Ohio-6189, 921 N.E.2d 212, ¶ 21.

{¶ 16} First, the assertion that refunds that might have to be paid as a result of the amendment of a property-tax assessment are "unreasonable and unwarranted" plainly fails to specify error pursuant to R.C. 5717.02.  It falls squarely into the established category of notices in which the "errors set out are such as might be advanced in nearly any case and are not of a nature to call the attention of the board to those precise determinations of the Tax Commissioner with which appellant took issue."  *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 583, 53 O.O. 430, 120 N.E.2d 310.  In *Queen City Valves*, the notice of appeal contained a list of errors:  the commissioner's determination and

---

[3] In her notice of appeal and her brief in this court, the auditor did not assign as error the BTA's holding that under the statutory standard, the auditor's notice of appeal to the BTA failed to specify error.  We nonetheless consider whether the BTA made a correct determination, because the issue concerns the BTA's jurisdiction and therefore, derivatively, our own.  See *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 17; *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249, 922 N.E.2d 209, ¶ 19, fn. 1.  Moreover, if we found error by the BTA in applying the statutory standard, we would not need to consider the auditor's constitutional arguments.  See *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph seven of the syllabus ("Constitutional questions will not be decided until the necessity for such decision arises upon the record before the court").

assessment was "contrary to law," "not sustained by the evidence," "against the manifest weight of the evidence," and "excessive." Id. at 580. Just as those assertions failed to make clear the "precise determinations of the Tax Commissioner with which appellant took issue," id. at 583, so too does the assignment of error in the present case that refunds are "unreasonable and unwarranted" fail to satisfy the requirement of specificity. Accord *Turner v. Levin*, 124 Ohio St.3d 1233, 2010-Ohio-922, 924 N.E.2d 367, ¶ 2 ("the claim that a tribunal has misinterpreted a pleading, without more particularity, is too vague and general to give notice of what the appellant intends to argue").

{¶ 17} Turning to the second clause of the sole assignment of error, we note that at the same time that she filed her memorandum opposing the motion to dismiss at the BTA, Delaney also filed a "Correction to Notice of Appeal." That correction sought to remove the "closed and nonexistent" clause from the notice of appeal, a clear expression of the auditor's intent to waive any argument that might relate to that clause. Because Delaney has implicitly waived any argument relating to the clause, we need not consider its jurisdictional sufficiency.

{¶ 18} Under all these circumstances, we conclude that the BTA acted reasonably and lawfully when it dismissed the notice of appeal on the ground that it failed to specify error.

*B. A public official may not use the constitutional guarantee of due process to augment the powers and duties conferred on her by statute*

{¶ 19} Delaney advances as a primary argument that holding her to the statutory requirement of specifying error constituted a violation of due process. In other words, she seeks to be released from the specification requirement on the grounds that she had no opportunity to obtain the information necessary to specify error. This argument fails for two reasons.

{¶ 20} First, because Delaney acts in this case in her capacity as a public official rather than as an individual citizen, the scope of the due-process guarantee

is limited. The office of county auditor is the creation of Ohio law, and as a result, its powers and duties extend only so far as the statutes grant authority, while being constrained by whatever limits the statutes impose. A number of BTA cases make this point. See *Morgan Cty. Budget Comm. v. Bd. of Tax Appeals* (1963), 175 Ohio St. 225, 24 O.O.2d 340, 193 N.E.2d 145, paragraphs three and four of the syllabus ("being a creature of statute," the BTA "is limited to the powers conferred upon it by statute," with the result that the BTA "has no power or authority to make a quasijudicial order directing a particular county budget commission to revise its budget"); *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, paragraph one of the syllabus (being a creature of statute, the BTA "is without jurisdiction to determine the constitutional validity of a statute"); *Steward v. Evatt* (1944), 143 Ohio St. 547, 28 O.O. 472, 56 N.E.2d 159, paragraphs one and two of the syllabus (being a creature of statute, the BTA is "limited to the powers with which it is thereby invested" and is "without power to extend the statutory period of thirty days within which an appeal may be made thereto from an order of the Tax Commissioner"). For example, to the extent that the statutes permit the auditor to be sued in her official capacity, see, e.g., R.C. 2723.02 (requiring that county auditor be joined as defendant in action to enjoin levy of taxes), the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution may require proper service of process upon her.

{¶ 21} But the constitutional protection that the auditor may claim in the exercise of her statutorily granted powers does not at all imply that she may use the due-process guarantee to *augment* those powers or to *override* the limitations imposed on her authority by statute. See *Avon Lake City School Dist. v. Limbach* (1988), 35 Ohio St.3d 118, 122, 518 N.E.2d 1190 (where statute did not furnish a school district with the right to appeal a tax assessment that adversely affected the

district, due process did not require that the school district be permitted to appeal the tax commissioner's assessment, because the district "is a political subdivision created by the General Assembly and it may not assert any constitutional protections regarding due course of law or due process of law against the state, its creator"); *Ross v. Adams Mills Rural School Dist.* (1925), 113 Ohio St. 466, 480-481, 149 N.E. 634 (school district could not invoke due process to bar consolidation with another school district inasmuch as "school districts and their property are creatures of the state which may be created and abolished at will by the Legislature"). It follows that Delaney may not use due process in this case to escape the statutory requirement under R.C. 5717.02 that she specify the errors in the tax commissioner's assessments that form the basis of an appeal to the BTA.

{¶ 22} There is a second reason why Delaney's due-process claim must fail. The statutes permit county auditors to access information concerning taxable value within their jurisdictions. R.C. 5711.01(F) defines "assessor" for purposes of personal property tax as "the tax commissioner and the county auditor as deputy of the commissioner," and the returns filed pursuant to R.C. 5711.05 are processed by the "assessor" as indicated throughout R.C. Chapter 5711. See, e.g., R.C. 5711.11, 5711.18 (auditor as deputy tax commissioner to investigate a claim of reduction from net book value), 5715.40 (requiring county auditors and other officials to "perform the duties relating to the assessment of property for taxation or the levy or collections of taxes which the department of taxation directs"). Moreover, since April 9, 2003, R.C. 5703.21(C)(9) has explicitly authorized disclosure "to a county auditor" of "notices or documents concerning or affecting the taxable value of property in the county auditor's county." Am.Sub.S.B. No. 180, 149 Ohio Laws, Part II, 3648, 3678. Yet neither Delaney's notice of appeal nor her briefs state that she attempted, but was denied the opportunity, to participate and thereby obtain pertinent information. Absent such an attempt, there can be no substantive basis for her due-process claim.

*C. The claim that the final assessment certificates perpetrate a taking of the property of Greene County citizens without due process is jurisdictionally barred*

{¶ 23} Delaney also argues that the final assessment certificates constitute a taking of property without due process. This claim rests on the dubious contention that the citizens of Greene County can assert a constitutionally protected private-property interest in the public funds of the county. But we are jurisdictionally barred from considering the merits of this claim because Delaney did not assert it in the notice of appeal to the BTA. *Newman v. Levin*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 27 (because "the auditor never identified the issue of waste heat in his specifications of error to the BTA, * * * the BTA lacked jurisdiction to consider that issue," and "[a]s a result, we are without jurisdiction to consider it").

### III. Conclusion

{¶ 24} Because the BTA acted reasonably and lawfully when it dismissed the county auditor's appeal, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth Ellis and Susan L. Goldie, Assistant Prosecuting Attorneys, for appellant.

Michael DeWine, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellee Joseph W. Testa.

Vorys, Sater, Seymour & Pease, L.L.P., Raymond D. Anderson, and Hilary J. Houston, for appellee Waste Management of Ohio, Inc.

_____