O’Donnell, J.,
dissenting.
{¶ 35} Respectfully, I dissent.
{¶ 36} On March 9, 2015, the Board of Tax Appeals (“BTA”) affirmed the decision of the Bedford Heights Income Tax Board of Review denying the administrative appeal brought by New York Frozen Foods, Inc., in which it sought to amend its net profits tax returns for 2005, 2006, and 2007.
{¶ 37} Pursuant to R.C. 5717.03(F), this decision is “final and conclusive * * * unless reversed, vacated, or modified as provided in section 5717.04 of the Revised Code.” R.C. 5717.04, in turn, provides that “[t]he proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situate or in which the taxpayer resides.” This statute further provides, “Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board.”
{¶ 38} In this case, the record shows that rather than file a timely notice of appeal with this court or the court of appeals, New York Frozen Foods moved for reconsideration of the BTA’s decision on March 18, 2015. In response to that motion, the BTA not only denied reconsideration on March 20, 2015, but also purported to vacate its decision to correct a typographical error, and it then republished the same opinion verbatim, adding only a statement denying reconsideration and vacating its prior order and correcting the typographical error to *396 change the word “disagree” to “agree.” New York Frozen Foods filed its notice of appeal in this court on April 10, 2015—32 days after the BTA’s March 9 decision but only 21 days after the republished March 20 BTA decision.
{¶ 39} New York Frozen Foods filed an untimely appeal. Neither R.C. 5717.03 nor 5717.04 provides authority for the BTA to vacate its own final decision on reconsideration; rather, those statutes establish that a decision of the BTA is final unless it is appealed to this court or the court of appeals. Our caselaw, however, suggests that the BTA has inherent authority to reconsider and vacate its own decisions. See, e.g., Natl. Tube Co. v. Ayres, 152 Ohio St. 255, 262, 89 N.E.2d 129 (1949); 1495 Jaeger, L.L.C. v. Cuyahoga Cty. Bd. of Revision, 132 Ohio St.3d 222, 2012-Ohio-2680, 970 N.E.2d 949, ¶ 15. But this line of cases is inconsistent with the statutory requirement that “[t]he proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal * * *.” (Emphasis added.) R.C. 5717.04. Because the BTA is a creature of statute, it is necessarily limited to the powers conferred by the legislature, Delaney v. Testa, 128 Ohio St.3d 248, 2011-Ohio-550, 943 N.E.2d 546, ¶ 20, and therefore, it has no statutory authority to vacate its own final order as a substitute for an appeal.
{¶ 40} Nor can a tribunal vacate and reissue a final order to extend the time for a party to commence an appeal. See State v. Dowdy, 8th Dist. Cuyahoga No. 96642, 2012-Ohio-2382, 2012 WL 1951929, ¶ 8 (“As a general matter, a trial court does not have the power to reenter a judgment in order to circumvent the App.R. 4(A) limitation period for the filing of an appeal”); State v. Bernard, 2d Dist. Montgomery No. 18058, 2000 WL 679008, *2 (May 26, 2000) (“the trial court lacked authority to vacate and reinstate its judgment in order to facilitate Bernard’s appeal”); Kertes Ents., Inc. v. Orange Village Planning Zoning Comm., 68 Ohio App.3d 48, 49, 587 N.E.2d 409 (8th Dist.1990) (“the court may not re-enter judgment to circumvent the App.R. 4(A) limitation period”). The BTA’s decision to vacate its original decision and then republish it adding only a statement denying reconsideration and vacating the original order to correct a clerical error contemplated extending the time for perfecting an appeal.
{¶ 41} However, the BTA decision denying reconsideration and correcting the clerical error is not itself a final appealable order. In Southside Community Dev. Corp. v. Levin, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 5, we explained that in determining whether a BTA decision is a final appealable order, “R.C. 2505.02(B)(2) applies, and that provision deems to be ‘final’ an ‘order that affects a substantial right made in a special proceeding.’ ”
{¶ 42} Here, the BTA issued a final order on March 9, 2015, and the March 20, 2015 order appealed from in this case did not affect any substantial rights. Denial of reconsideration left the parties in the same position that they were in *397 before the denial, and notably, the BTA’s procedural rules clarify that “a motion for reconsideration shall not enlarge the period of time upon which an appeal may be taken from this board nor shall the filing of such motion suspend or toll the statutory appeal period,” Ohio Adm.Code 5717-1-12(D).
Zaino, Hall & Farrin, L.L.C., Stephen K. Hall, and Richard C. Farrin, for appellants and cross-appellees.
Calfee, Halter & Griswold, L.L.P., Anthony F. Stringer, Matthew A. Chiricos-ta, and Thomas R. O’Donnell, for appellees and cross-appellants.
{¶ 43} In reality, republishing the prior decision to correct the clerical error is in substance a nunc pro tunc entry. Although “administrative tribunals possess inherent authority to correct errors in judgment entries so that the record speaks the truth[,] * * * nunc pro tunc entries are limited in proper use to reflecting what the court actually decided.” State ex rel. Fogle v. Steiner, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995). And as we noted in State v. Thompson, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 43, “a nunc pro tunc entry does not replace the original judgment entry; it relates back to the original entry.”
{¶ 44} Thus, a nunc pro tunc entry does not affect substantive rights, and it is not a new final order for purposes of appeal. Perfection Stove Co. v. Scherer, 120 Ohio St. 445, 448-449, 166 N.E. 376 (1929) (nunc pro tunc entry that “did not operate to deprive the defendants in error of any rights which the previous order had accorded them, nor make that order any less final, was not effective to postpone the date when the period within which an appeal is authorized to be prosecuted begins to run”); State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, syllabus (“A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken”); Gold Touch, Inc. v. TJS Lab, Inc., 130 Ohio App.3d 106, 109, 719 N.E.2d 629 (8th Dist.1998) (“the use of the nunc pro tunc order in this case did not act to extend the normal thirty-day filing period for an appeal since no substantive changes were made to the final order”).
{¶ 45} Accordingly, the BTA entered the only final appealable order in this case on March 9, 2015, and its republished March 20, 2015 entry denying reconsideration, correcting a clerical error, and purporting to vacate the March 9 entry did not restart the time period for perfecting an appeal. Therefore, New York Frozen Food’s notice of appeal filed on April 10, 2015, is untimely and this matter should be dismissed.
Kennedy and French, JJ., concur in the foregoing opinion.
*398 Amy L. Arrighi, in support of appellees and cross-appellants for amicus curiae, Regional Income Tax Agency.