[Cite as *Wood v. Simmers*, 2017-Ohio-8718.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Donald E. Wood, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 17AP-269 |
| | | (C.P.C. No. 16CV-11455) |
| Richard J. Simmers, Chief, Division of Oil and Gas Resources Management, | : | (ACCELERATED CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 28, 2017

**On brief:** *Donald E. Wood*, for appellant. **Argued:** *Donald E. Wood.*

**On brief:** *Michael DeWine*, Attorney General, and *Gene D. Park*, for appellee. **Argued:** *Gene D. Park.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellant-appellant, Donald E. Wood, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the Oil and Gas Commission ("commission") in favor of appellee-appellee, Richard J. Simmers, Chief, Division of Oil and Gas Resources Management. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is the owner of 16 oil and gas wells in Ohio. Appellant is also an attorney licensed to practice law in Ohio. On July 6, 2015, appellee issued Chief's Order 2015-345, finding that appellant "failed to maintain and/or file financial assurance with the Division" as required by R.C. 1509.07(C). (Chief's Order at 1.) The chief's order

required appellant to "immediately suspend all oil and gas operations" and, within 30 days of receipt of the order, do one of the following: execute and file a surety bond, certificate of deposit, irrevocable letter of credit, cash or cashier's check with the division; properly plug and abandon all wells; or transfer ownership of all his oil and gas wells to another qualified owner.  (Chief's Order at 2.)

{¶ 3}    On August 3, 2015, appellant filed a notice of appeal to the commission, pursuant to R.C. 1509.36, from the July 6, 2015 chief's order.  Therein, appellant argued the chief's order affected a change of policy in the Division of Oil and Gas Resources Management regarding financial assurance and such change in policy may be affected only by an amendment to the relevant provisions of the Ohio Revised Code or the Ohio Administrative Code, not by a chief's order.  According to appellant, prior to July 6, 2015, the chief permitted well owners to establish proof of financial responsibility by filing a Form 3 Financial Statement.  R.C. 1509.07(B)(3).

{¶ 4}    On January 11, 2016, appellant filed a motion with the commission, pursuant to Civ.R. 23(B)(3), seeking certification of a class of existing, non-exempt well owners who received the chief's order prohibiting them from providing proof of financial responsibility by means of a Form 3 Financial Statement.  In appellant's motion, appellant represented that approximately 43 such well owners received the chief's order at issue in the case.[1]

{¶ 5}    On November 18, 2016, the commission issued an order denying appellant's motion to certify a class.  The stated reasons for the denial of the motion are that "[t]he statutes and rules applicable to the Commission do not specifically empower this Commission to certify a class action" and "[w]hile the Commission may look to the civil rules for guidance, strict compliance with the civil rules is not required unless specifically referenced."  (Order at 3, 4.)  The commission did not reach the merits of appellant's arguments regarding the lawfulness of Chief's Order 2015-345.

---

[1] "[U]nder Civ.R. 23(B)(3), a class action is maintainable if the plaintiff is seeking damages and the court makes two findings: 'that the common questions predominate over questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.' "  *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, ¶ 23, quoting *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 96 (1988).

{¶ 6} Pursuant to R.C. 1509.37, appellant appealed to the Franklin County Court of Common Pleas from the decision of the commission. On January 4, 2017, appellant filed a motion requesting the common pleas court to certify a class action pursuant to Civ.R. 23(B)(3). In a decision and entry dated March 21, 2017, the common pleas court affirmed the commission's November 18, 2016 order and denied appellant's January 4, 2017 motion to certify a class. Appellant appealed to this court from the decision of the common pleas court.[2]

## II. ASSIGNMENT OF ERROR

{¶ 7} Pursuant to App.R. 12(A)(1)(c), courts of appeal decide appeals on assignments of error, not arguments or issues contained in a brief. *Hamilton v. Hamilton*, 10th Dist. No. 14AP-1061, 2016-Ohio-5900, ¶ 9, citing *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. *See also Bonn v. Bonn*, 10th Dist. No. 14AP-967, 2015-Ohio-3642, ¶ 15. The difficulty in doing so in this case is that appellant's brief does not contain an assignment of error designated as such.

{¶ 8} This court has recently noted that "[a]ppellate courts have discretion to dismiss appeals that fail to set forth assignments of error." *Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 10, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2. "Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice." *Angus* at ¶ 10, citing *Asamoah* at ¶ 6; *Tonti* at ¶ 2. Thus, this court has the discretion to consider and rule on arguments made in an appellate brief in the absence of an assignment of error. *Angus* at ¶ 10. *See also Pankey v. Ohio Adult Parole Auth.*, 10th Dist. No. 11AP-36, 2011-Ohio-4209, ¶ 4 (appellate court, in the interest of justice, construed appellant's "Issue Presented for Review" as an assignment of error and addressed the merits of the appeal).

{¶ 9} Appellee has not moved this court to dismiss the appeal due to appellant's failure to assert an assignment of error in its merit brief. Additionally, we note that appellant's brief contains the following question under the heading "statement of the case":

---

[2] By order dated July 27, 2017, this court denied appellant's motion to stay proceedings before the Oil and Gas Commission.

> When the Chief of the Division of Oil and Gas Resources Management, State of Ohio, engages in the practice of administrative rulemaking through the issuance of unlawful chief's orders, may the recipients of those orders form a class to appeal the orders, or must each recipient individually appeal the order pursuant to Ohio Revised Code Section 1509.36?

{¶ 10} Because the alleged trial court error is clear from appellant's "statement of the case" and the arguments contained in appellant's brief, and because appellee has responded to those arguments, we will construe appellant's statement of the case as an assignment of error and rule on the merits of the appeal. *Angus*; *Pankey.*

## III.  STANDARD OF REVIEW

{¶ 11} Pursuant to R.C. 1509.37, appeals for the commission's order, in relevant part, state as follows:

> Any party adversely affected by an order of the oil and gas commission may appeal to the court of common pleas of Franklin county.
>
> * * *
>
> If the court finds that the order of the commission appealed from was lawful and reasonable, it shall affirm the order.  If the court finds that the order was unreasonable or unlawful, it shall vacate the order and make the order that it finds the commission should have made.  The judgment of the court is final unless reversed, vacated, or modified on appeal.

{¶ 12} Thus, "[t]he standard of review on an appeal for the common pleas court from the commission is whether the commission's order was reasonable and lawful." *Simmers v. N. Royalton*, 10th Dist. No. 15AP-900, 2016-Ohio-3036, ¶ 21, citing *Martz v. Div. of Mineral Resources Mgt.*, 10th Dist. No. 08AP-12, 2008-Ohio-4003, ¶ 13; *Johnson v. Kell*, 89 Ohio App.3d 623, 625 (10th Dist.1993).  " ' "Unlawful" means that which is not in accordance with law.' "  " ' "Unreasonable" means that which is not in accordance with reason, or that which has no factual foundation.' "  *Id.* at 626, quoting *Citizens Commt. to Reserve Lake Logan v. Williams*, 56 Ohio App.2d 61, 70 (10th Dist.1977).

{¶ 13} The standard of review for this court in an appeal from an order of the common pleas court is set forth in *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-61 (1988), as follows:

> In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion " '* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster* (1986), 22 Ohio St. 3d 191, 193, 22 OBR 275, 277, 489 N.E. 2d 288, 290. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. *See Rohde v. Farmer* (1970), 23 Ohio St. 2d 82, 52 O.O. 2d 376, 262 N.E. 2d 685.
>
> The fact that the court of appeals, or this court, might have arrived at a different conclusion that did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.

{¶ 14} "On questions of law, however, the court of appeals' review is plenary." *Gemini Energy, Inc. v. Div. of Mineral Resources Mgt.*, 10th Dist. No. 06AP-633, 2007-Ohio-5091, ¶ 9, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339 (1992), paragraph one of the syllabus.

## IV. LEGAL ANALYSIS

{¶ 15} The commission denied appellant's motion for class certification stating that "[t]he statutes and rules applicable to the Commission do not specifically empower this Commission to certify a class action" and "[w]hile the Commission may look to the civil rules for guidance, strict compliance with the civil rules is not required unless specifically referenced." (Nov. 18, 2016 Order at 3, 4.) Appellant argues that the commission order denying class certification is unlawful and unreasonable because there is nothing in R.C. 1509.36 that prohibits the commission from certifying a class pursuant to Civ.R. 23(B)(3). Appellee argues that in the context of an appeal from a chief's order

filed pursuant to R.C. 1509.36, the commission has no authority to certify a class action under Civ.R. 23. We agree with appellee.[3]

{¶ 16} "The General Assembly created the Oil and Gas Commission." *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, ¶ 13, quoting R.C. 1509.35(A) ("There is hereby created an oil and gas commission consisting of five members appointed by the governor."). "Because the commission is a creation of state law, 'its powers and duties extend only so far as the statutes grant authority, while being constrained by whatever limits the statutes impose.' " *Id.* at ¶ 13, quoting *Delaney v. Testa*, 128 Ohio St.3d 248, 2011-Ohio-550, ¶ 20. " 'When the General Assembly grants an administrative agency power to hear appeals, the statutory language determines the parameters of the agency's jurisdiction.' " *Chesapeake* at ¶ 13, quoting *Cuyahoga Cty. Bd. of Cty. Commrs. v. Daroczy*, 10th Dist. No. 08AP-123, 2008-Ohio-5564, ¶ 17. For example, even though R.C. 1509.36 generally confers appellate jurisdiction on the commission over appeals by persons adversely affected by orders of the chief, the Supreme Court of Ohio has held that the commission does not have appellate jurisdiction over the chief's decisions to issue a permit to drill a new oil and gas well because R.C. 1509.06(F) manifestly divests the commission of such jurisdiction. *Chesapeake* at ¶ 14. *See also Athens Cty. Fracking Action Network v. Simmers*, 10th Dist. No. 16AP-133, 2016-Ohio-5388 (appeal to the commission dismissed for lack of jurisdiction where the permit to drill the injection well was the only order appealed from and the separate permit authorizing the company to inject brine was not appealed).

{¶ 17} R.C. 1509.36 provides for appeals to the commission, in relevant part, as follows:

> Any person adversely affected by an order by the chief of the division of oil and gas resources management may appeal to the oil and gas commission for an order vacating or modifying the order.
>
> * * *
>
> The appeal shall be in writing and shall set forth the order complained of and the grounds upon which the appeal is

---

[3] Whether the chief's order constitutes unlawful rulemaking is not an issue before this court in this appeal.

based. The appeal shall be filed with the commission within thirty days after the date upon which the appellant received notice by certified mail and, for all other persons adversely affected by the order, within thirty days after the date of the order complained of. Notice of the filing of the appeal shall be filed with the chief within three days after the appeal is filed with the commission.

{¶ 18} There is no provision in R.C. 1509.36 or elsewhere in R.C. Chapter 1509 permitting the commission to certify a class of similarly situated well owners seeking to vacate or modify a chief's order. Contrary to appellant's assertion, the fact that the statutory language does not preclude such certification does not mean that the statute permits it. Rather, because the commission is a creation of state law, its powers and duties extend only so far as the statutes grant authority. *Chesapeake* at ¶ 13. By enacting R.C. 1509.36, the General Assembly granted the commission power to hear appeals, and it is the statutory language that determines the parameters of the commission's jurisdiction. *Id. See also Daroczy.* Nothing in the statutory language authorizes the commission to certify a class of similarly situated well owners in an R.C. 1509.36 appeal timely filed by one such well owner. Under the statutory language, any party seeking to appeal to the commission from a chief's order must comply with the filing requirements of R.C. 1509.36.

{¶ 19} Moreover, as the commission noted, when the General Assembly created the commission, it did not specify the procedural rules that apply in commission proceedings. Rather, R.C. 1509.35(G) states that "[t]he commission, in accordance with Chapter 119. of the Revised Code, shall adopt rules to govern its procedure." The rules adopted by the commission appear at Ohio Adm.Code 1509-1-09 through 1509-1-26. The rules contain provisions permitting "interested persons" to participate in a timely R.C. 5109.36 appeal filed by another either as intervenors or amicus curiae. Ohio Adm.Code 1509-1-13 and 1509-1-14. The commission's rules also specify that discovery in appeals to the commission "shall be conducted in accordance with the procedural provisions of the 'Ohio Rules of Civil Procedure.' " Ohio Adm.Code 1509-1-17. There is, however, no provision in the rules authorizing class certification and no provision incorporating or adopting Civ.R. 23 in proceedings before the commission.

{¶ 20} Additionally, we note that Civ.R. 1(A) entitled "Applicability" provides as follows: "These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in division (C) of this rule." This court has previously stated that "[t]he Ohio Rules of Civil Procedure apply (with some exceptions) to 'all courts of this state,' not to administrative bodies." *Village of Harbor View v. Jones*, 10th Dist. No. 10AP-356, 2010-Ohio-6533, ¶ 54, quoting Civ.R. 1(A).

{¶ 21} Accordingly, we hold that the certification of a class action, pursuant to Civ.R. 23(B)(3), is unavailable to litigants in an R.C. 1509.36 appeal to the commission from a chief's order.

{¶ 22} Appellant claims, however, that absent class certification, R.C. 1509.36 effectively denies individual well owners due process of law because the expenses associated with challenging an unlawful chief's order in the commission are prohibitory. At oral argument, appellant maintained that he elected to appeal the chief's order because, as a licensed attorney, he could represent himself. According to appellant, certifying a class of permit holders in the commission, pursuant to Civ.R. 23(B)(3), would achieve economies of time, effort, and expense and promote uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results. Though we agree that such economies are perceived benefits of Civ.R. 23(B)(3) class certification, we note that R.C. 1509.36 provides, in relevant part, as follows:

> Sections 1509.01 to 1509.37 of the Revised Code, providing for appeals relating to orders by the chief or by the commission, or relating to rules adopted by the chief, do not constitute the exclusive procedure that any person who believes the person's rights to be unlawfully affected by those sections or any official action taken thereunder must pursue in order to protect and preserve those rights, nor do those sections constitute a procedure that that person must pursue before that person may lawfully appeal to the courts to protect and preserve those rights.

{¶ 23} Appellee maintains that the above-cited provision in R.C. 1509.36 negates the due process argument raised by appellant inasmuch as the statute preserves appellant's access to the courts. We agree.

{¶ 24} In *State ex rel. Fisher v. Nacelle Land & Mgt. Corp.*, 90 Ohio App.3d 93 (11th Dist.1993), the state filed an action seeking injunctive relief and the imposition of civil fines, alleging the corporate well owner failed to abide by the conditions attached to a permit. The trial court granted summary judgment in favor of the state, and the corporation appealed to this court. In rejecting the state's contention that the corporation had no right of appeal because it had failed to appeal the chief's order to the commission, pursuant to R.C. 1509.36, the Eleventh District held as follows:

> The plain meaning of the language in this statute does not require the procedure set forth to be pursued before appealing to the courts. Thus, the trial court correctly determined that the R.C. 1509.36 appeal is neither mandatory nor exclusive and appellants' collateral attack on the order of the ODNR is not barred by failure to pursue an R.C. 1509.36 appeal.

*Id.* at 97.

{¶ 25} Similarly, in *Nacelle Land & Mgt. Corp. v. Ohio Dept. of Natural Resources*, 65 Ohio App.3d 481 (10th Dist.1989), a corporation engaged in the business of pumping brine, waste generated from drilling oil, into underground wells applied for and received a permit from the department. The permit set forth the pumping pressure at which the corporation could operate. The corporation initially appealed to the commission, pursuant to R.C. 1509.36, but later abandoned that appeal after shuttering its business and capping all of its wells. The corporation subsequently filed a civil action against the Ohio Department of Natural Resources in the Court of Claims of Ohio alleging that the unreasonably low pumping pressure limits in the permit resulted in extraordinary operating costs which essentially put the company out of business. The Court of Claims dismissed the complaint due to the corporation's failure to exhaust administrative remedies and sovereign immunity.

{¶ 26} On appeal, this court held that the state's prior consent to be sued by way of an administrative action did not bar an action by the permit holder in the Court of Claims for money damages where such an action would provide the only effective remedy. This

court also determined that the corporation was not required to exhaust its administrative remedies under R.C. 1509.36 before seeking monetary relief in the Court of Claims.[4]

{¶ 27} The foregoing case law and the plain language of R.C. 1509.36 establish that a well owner may seek relief from an allegedly unlawful chief's order in the courts and need not exhaust administrative remedies before doing so. Because R.C. 1509.36 is not the exclusive means to challenge a chief's order, there is no merit to appellant's contention that considerations of fundamental fairness and due process of law require the commission to consider certification of a class of similarly situated well owners in an appeal timely filed by one such well owner pursuant to R.C. 1509.36.

{¶ 28} We also disagree with appellant's argument that the trial court, in ruling on appellant's R.C. 1509.37 appeal from the commission's November 18, 2016 order, erred by failing to entertain appellant's January 4, 2017 motion for class certification. We have previously determined that R.C. 1509.36 determines the jurisdictional parameters of the commission when ruling on appeals from the chief's orders. For similar reasons, R.C. 1509.37 limits the authority of the common pleas court in appeals from the commission. The relevant language of R.C. 1509.37 reads, in relevant part, as follows:

> If the court finds that the order of the commission appealed from was lawful and reasonable, it shall affirm the order. If the court finds that the order was unreasonable or unlawful, it shall vacate the order and make the order that it finds the commission should have made.

{¶ 29} Here, the common pleas court found that the commission's decision to deny class certification was lawful and reasonable. Under such circumstances, R.C. 1509.37 required the common pleas court to "affirm the order." Nothing in R.C. 1509.37 permits the common pleas court to entertain a motion for class certification in ruling on an appeal from the commission. *Karas v. State of Ohio*, 10th Dist. No. 79AP-37 (Sept. 11, 1979) (in an appeal from the commission, "the Common Pleas Court was bound by the direction of R.C. 1509.37, which provides that 'If the court finds that the order of the board appealed

---

[4] We ultimately affirmed the judgment of the Court of Claims because we found that the decision to permit appellant to inject brine into its underground wells at a specifically prescribed pressure was a basic policy decision within the state's limited immunity from liability.

from was lawful and reasonable, it shall affirm such order.' ").[5] Moreover, Civ.R. 1(C) specifies that the civil rules where "clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling" or "(8) in all other special statutory proceedings." Because we find that Civ.R. 23(B)(3) certification is clearly inapplicable in an R.C. 1509.37 appeal, class certification is unavailable to litigants in such an appeal. *See Griffin v. Bur. of Workers' Comp.*, 10th Dist. No. 11AP-1126, 2012-Ohio-3655, ¶ 6

{¶ 30} For the foregoing reasons, we hold that the common pleas court did not err when it affirmed the order of the commission and denied appellant's motion for class certification. Accordingly, to the extent appellant's merit brief sets forth a reviewable assignment of error, we overrule it.

## V. CONCLUSION

{¶ 31} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____

[5] Civ.R. 82 provides that the civil rules "shall not be construed to extend or limit the jurisdiction of the courts of this state."